**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ROBERT SINGLETON JOHNSON, JR.
ADC # 136702**                                                                      **PLAINTIFF**

V.                         **CASE NO. 5:08CV00113-JMM-BD**

**LARRY NORRIS,** *et al.*                                                          **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the recommended disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II.     Background:

Plaintiff, an inmate currently incarcerated at Randall Williams Correctional Facility of the Arkansas Department of Correction ("ADC"), filed this lawsuit under 42 U.S.C. § 1983 (docket entry #2). Plaintiff alleges that on or about December 26, 2007, he was stabbed by a fellow inmate while working in the garment factory at the Cummins Unit of the ADC. Plaintiff complains that various ADC staff members failed to protect him from the attack. Plaintiff names as Defendants Larry Norris, Ray Hobbs, Larry May, Gaylon Lay, Danny Burl, William Straughn, Clint Stanely, Cliff Collins, Jerry Campbell, Marie Linzy, Wendy Kelley, and V.R. Robertson (the "ADC Defendants").[1]

The ADC Defendants have filed a motion for summary judgment (#77). In their motion, the ADC Defendants argue that Plaintiff's claims fail as a matter of law because: (1) Plaintiff has failed to exhaust his administrative remedies against them; (2) they are entitled to qualified immunity; (3) negligence is not actionable under § 1983; (4) respondeat superior does not apply to § 1983 claims; and (5) they are entitled to sovereign immunity.

Plaintiff has responded to the ADC Defendants' motion (#102). In his response, Plaintiff argues that the ADC Defendants were aware of the risk of danger posed in the

---

[1] The docket in this matter identifies Defendant Danny Burl as Danny Burls and Defendant Larry May as Larry Mays. The ADC Defendants refer to these individuals as Danny Burl and Larry May. The Court also will refer to these individuals as Defendants Burl and May.

garment factory, but failed to remedy the situation. Plaintiff claims that inmates assigned to work in the garment factory were routinely issued sharp instruments, but were not adequately supervised. He also alleges that the ADC Defendants failed to provide the security necessary to protect inmates in the garment factory. In addition, Plaintiff states that he has fully exhausted his administrative remedies.

The Court has reviewed all of the evidence submitted in this matter. Based upon the evidence presented, Plaintiff did not exhaust his administrative remedies with regard to the ADC Defendants as required by the Prison Litigation Reform Act ("PLRA"). Accordingly, the Court recommends that the ADC Defendants' motion (#77) should be GRANTED.[2]

**III.    Discussion:**

    A.    Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing

---

[2] Because Plaintiff has failed to exhaust his administrative remedies against the ADC Defendants, the Court does not address the other arguments raised by the ADC Defendants in their motion for summary judgment in this recommendation.

3

that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.") If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322.

B.   Exhaustion

The ADC Defendants contend that Plaintiff failed to exhaust his claims against them as required by the PLRA. Congress enacted the PLRA to "reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 424, 122 S.Ct. 983 (2002). The PLRA requires administrative exhaustion prior to the commencement of a lawsuit challenging prison conditions. "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").

The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing

litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S.199, 127 S.Ct. 910, 923 (2007); see also *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2385 (2006).

In *Jones*, the Supreme Court clarified that "the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 127 S.Ct. at 923.

Here, the evidence presented by the parties indicates that Plaintiff filed two grievances regarding the incident giving rise to this lawsuit, CU-08-00036 and CU-08-00037. In his first grievance, CU-08-00036, dated December 31, 2007, Plaintiff specifically states that his grievance concerns the lack of security in the garment factory. Plaintiff complains that the "ADC was negligent" by failing to provide adequate security to prevent the attack he suffered. He does not identify any of the ADC Defendants by name in grievance CU-08-00036.

In the second grievance, CU-08-00037, dated January 5, 2008, Plaintiff complains that he is "still in pain" and that he is experiencing serious headaches as a result of the attack. Plaintiff states that this grievance is being submitted as a supplement to the December 31, 2007 grievance. Plaintiff claims that his injury is a result of the negligence "on behalf of the ADC and all other parties associated with the ADC."

In grievance CU-08-00037, Plaintiff again states that there was a lack of adequate security in the garment factory and that, as a result, he has suffered "grave injury." The only ADC Defendant referenced in grievance CU-08-00037 is Defendant Price. In his response to the ADC Defendants' motion for summary judgment, Plaintiff describes this grievance as "more of a medical nature." (#102 at p.6)[3]

1.  Defendants Linzy, Robertson, Collins, Straughn, Burl, Lay, and Campbell

In their motion, the ADC Defendants argue that because they are not mentioned by name in Plaintiff's grievances, Plaintiff has failed to exhaust his administrative remedies against them. In support of their argument, the ADC Defendants attach to their motion excerpts from Plaintiff's deposition in which Plaintiff admits that he did not file any grievances regarding Defendants Linzy, Robertson, Collins, Straughn, Burl, Lay, and Campbell. (#79-2 at p.16, 17, 18, 19)

In response to the ADC Defendants' motion, Plaintiff argues that during his deposition, he testified that when he referred to the ADC in his grievances, he was referring to any person that he believed was involved in the incident. Although Plaintiff made such a statement during his deposition, he did not file any grievances regarding

---

[3] According to the declaration of Janet Butler attached to the ADC's motion for summary judgment, grievance CU-08-00037 is the only grievance fully exhausted by Plaintiff. Because Plaintiff raised multiple issues in this grievance, the only issue addressed by the Assistant Director was whether Defendant Price forwarded Plaintiff's informal resolution to Nurse Mosley. Because it was clear that Defendant Price did forward the grievance to Nurse Mosley, the Assistant Director found that Plaintiff's allegations regarding Defendant Prices' conduct were without merit. (#79-8 at p.1-3)

Defendants Linzy, Robertson, Collins, Straughn, Burl, Lay, and Campbell. These Defendants are not mentioned in the two grievances Plaintiff submitted regarding the incident in question, and Plaintiff admitted that he did not file any grievances regarding these Defendants. Based upon the evidence presented, the Court agrees with the ADC Defendants that Plaintiff failed to exhaust his administrative remedies with regard to Defendants Linzy, Robertson, Collins, Straughn, Burl, Lay, and Campbell.

    2.    Defendants Kelley, Norris, Hobbs, and May

The ADC Defendants also argue that Plaintiff failed to exhaust his administrative remedies with regard to Defendants Kelley, Norris, Hobbs, and May. The Court agrees.

In his deposition, Plaintiff specifically states that he named Defendants Kelley, Norris, Hobbs, and May as Defendants in this action based upon their positions in the ADC. (#79-2 at p.20, 23, and 24) As the ADC Defendants correctly state in their motion, respondeat superior may not be used to impose liability in a § 1983 action. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 851 (8th Cir. 2006) (citations omitted) (affirming that the doctrine of respondeat superior is inapplicable to § 1983 claims). Further, in his deposition, Plaintiff testified that he did not file any grievances regarding Defendants Norris, Hobbs, or May. (#79-2 at p.20, 23, and 24)

Plaintiff did testify that Defendant Kelley responded to one of Plaintiff's grievances. However, he specifically stated that he was not complaining about Defendant Kelley's conduct in the grievances that he submitted; rather, his complaint was that he

received inadequate medical treatment. (#79-2 at p.20) Accordingly, Plaintiff also has failed to exhaust his administrative remedies with regard to Defendants Kelley, Norris, Hobbs, and May.

3.   Defendant Stanley

In his deposition, Plaintiff specifically stated that he mentioned Defendant Stanley "in the body of [his] grievance." (#79-2 at p.13) Plaintiff explained that he believed that Defendant Stanley failed to protect him from the attack by inmate Ewells.

In their motion, the ADC Defendants argue that Plaintiff did not exhaust his administrative remedies with regard to Defendant Stanley. Although Plaintiff added Defendant Stanley's name in his appeal of grievance CU-08-00036 to the Chief Deputy Director, Plaintiff failed to identify Defendant Stanley in his initial grievance. The Court agrees.[4]

The grievance form at issue specifically instructs the inmate to "be specific as to the complaint, date, place, <u>name of personnel involved</u> and how [the inmate] was

---

[4] In the appeal of grievance CU-08-00036, Plaintiff also mentions Defendants Norris, Hobbs, Lay, Burl, Straughn, Robertson, Collins, Stanley, Campbell, and Linzy. In his response to the ADC's motion, Plaintiff states that because he identified these Defendants during the grievance process, Plaintiff exhausted his remedies against these Defendants. In his deposition, however, Plaintiff admitted that he did not file any grievances regarding these Defendants. In addition, Plaintiff did not fully exhaust his administrative remedies with regard to his complaint concerning the lack of security in the garment factory. Although Plaintiff references this issue in grievance CU-08-00036, Defendant Kelley responded to Plaintiff's appeal by stating that the "issue of security will not be addressed as only one issue will be addressed per grievance." (#79-5 at p.3)

affected." (#79-8 at p.1) (emphasis added)[5]  An inmate is not permitted to add additional staff members or issues at the appeal level. (#79-4 at p.2)  In *Jones v. Block*, the Supreme Court stated that the level of detail necessary in a grievance procedure could vary based upon the particular prison regulations at issue.  Here, because Plaintiff failed to mention Defendant Stanley in the initial grievances that he submitted, he failed to comply with the ADC grievance procedure. (#79-4 at p.2, #79-3 at p.4)  As a result, Plaintiff failed to exhaust his administrative remedies with regard to Defendant Stanley.

    4.    Defendant Price

With regard to Defendant Price, the ADC Defendants do not dispute that Plaintiff specifically referenced Defendant Price in grievance CU-08-00037.  The ADC Defendants contend, however, that Plaintiff has failed to state a constitutional claim against Defendant Price.  The Court agrees.

In grievance CU-08-00037, Plaintiff states that Defendant Price accepted Plaintiff's complaint and informed Plaintiff that he would respond.  According to Plaintiff, Defendant Price failed to respond.  The documents attached to the ADC Defendants' motion, however, indicate that Defendant Price forwarded the grievance to Nurse Mosley and that Plaintiff received a response in accordance with ADC policy.

---

[5] In his response to the ADC's motion, Plaintiff acknowledges that the grievance form instructs inmates to name the personnel involved. Plaintiff claims, however, that his grievance should have been dismissed if it was inadequate. The Court does not find Plaintiff's argument persuasive. Plaintiff was aware of the ADC grievance policy and was required to act in accordance with that policy.

(#79-9 at p.3) Moreover, even if Defendant Price had failed to follow prison procedure, Plaintiff's claim still would fail because there is no constitutional requirement that prison officials follow prison policy. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (failure to follow prison procedure fails to state a constitutional claim).

In his Second Amended Complaint, Plaintiff alleges that Defendant Price: (1) delayed forwarding Plaintiff's grievance; (2) failed to treat Plaintiff's grievance as an emergency; and (3) should have known that certain treatment was necessary and failed to provide or delayed Plaintiff's medical treatment. Plaintiff, however, did not include these allegations in the grievances that he submitted. Again, even if Plaintiff had included these allegations in his grievance, his claim still would fail because, as noted, the failure to follow prison procedure does not rise to the level of a constitutional claim, as a matter of law. *Phillips v. Norris*, supra. Accordingly, Plaintiff's claims against Defendant Price fail.

## IV.   Conclusion:

The Court recommends that the ADC Defendants' motion for summary judgment (#77) be GRANTED.

DATED this 30th day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE